WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee Elizabeth Agnew-Currie,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-20-01601-PHX-DLR<br><br>**ORDER** |

At issue is the denial of Plaintiff Renee Elizabeth Agnew-Currie's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 25). Defendant SSA filed an Answering Brief (Doc. 30), and Plaintiff filed a Reply (Doc. 31). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 21), and it affirms the Administrative Law Judge's ("ALJ") decision (AR at 16-28) for the reasons addressed herein.

**I.    Background**

The medical record in this case is extensive and the procedural history complex. The Court will only provide a brief recitation of the procedural history of this matter. Plaintiff previously filed an Application for SSDI benefits in 2007, alleging a disability onset date in 2005. (AR 16). After an ALJ denied her claim, this Court remanded the matter back to the ALJ for a new hearing. Plaintiff subsequently appealed this Court's

decision to the Ninth Circuit Court of Appeals which affirmed this Court's decision. In 2011, Plaintiff filed a second SSDI application for a closed period of disability between 2010 and 2012. Subsequently, Plaintiff was found to be disabled as to this closed period and awarded benefits. Following further appeals, remands, and reconsiderations, Plaintiff was found to be disabled and awarded benefits from December 2006 through March 2012. (*Id.* at 17). Plaintiff alleges that she experienced improvement from her symptoms and returned to work in 2012. (Doc. 25 at 2). However, in August 2013, Plaintiff alleges that her symptoms returned and she was once again unable to work. (*Id.*)

On July 25, 2016, Plaintiff filed another SSDI Application, alleging a disability beginning on February 15, 2014. (AR 17). The current appeal concerns that Application. Plaintiff's claim was initially denied on March 30, 2017, and upon reconsideration on July 26, 2017. (*Id.*) A hearing was held before ALJ Allen G. Erickson on October 8, 2019. (*Id.* at 156-209). Plaintiff was 50 years old at the time of the hearing. (*Id.*) Plaintiff's Application was denied in a decision by the ALJ on October 23, 2019. (*Id.* at 28). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe impairments of lumbar degenerative disc disease and degenerative joint disease, status post-surgery, cervical degenerative disc disease, fibromyalgia, bipolar disorder, attention deficit hyperactivity disorder, and anxiety disorder. (AR 20). While the ALJ noted that Plaintiff's severe impairments limited her ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work and thus was not disabled. (*Id.*)

Plaintiff raises two issues on appeal: whether the ALJ erred in failing to give clear and convincing reasons to discount her subjective symptom testimony, and whether the ALJ's RFC determination was based on substantial evidence. (Doc. 25). Plaintiff requests that this matter be remanded for an award of benefits. (*Id.*) The Commissioner argues that the ALJ's opinion is free of harmful error and must be affirmed. (Doc. 30). The Court has

reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

## II.  Legal Standards

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Whether the Commissioner's decision is supported by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R.

§ 404.1520(a)(4)(iv).  If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If not, the claimant is disabled.  *Id.*

**III.  Analysis**

Plaintiff raises two issues on appeal: whether the ALJ erred in failing to give clear and convincing reasons to discount her subjective symptom testimony, and whether the ALJ's RFC determination was based on substantial evidence.  (Doc. 25).  The Court will address these issues in turn.

**A.  The ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.**

Plaintiff argues that the ALJ did not provide legitimate reasons to discount her testimony, and therefore, that the Court should remand this matter for an award of benefits. (Doc. 25 at 14-23).  The Commissioner argues that the ALJ properly examined the medical evidence to determine that the record did not support Plaintiff's testimony as to the severity of her symptoms.  (Doc. 30).

An ALJ must evaluate whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal citations omitted)).  In evaluating a claimant's pain testimony after a claimant produces objective medical evidence of an underlying impairment, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."  *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).  However, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains his decision "by providing specific, clear, and convincing reasons for doing so."  *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015).  The ALJ may also consider "'whether the claimant engages in daily activities

inconsistent with the alleged symptoms.'" *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007)). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment," *Id.* at 1113, or where they suggest that "later claims about the severity of [the] limitations were exaggerated," *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff testified that she was unable to perform any work due to her physical and mental impairments. (AR 23). Plaintiff stated that she is unable to stand or walk for more than 30 to 40 minutes at a time and that she spends much of her time in bed due to depression. (*Id.*) Plaintiff testified that her physical pain level is usually an 8 out of 10 in severity and that her sleep is disturbed because of pain. (*Id.*) Moreover, Plaintiff testified she performs few daily activities due to her impairments. Plaintiff argues that these impairments prevent her from performing any work.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, but that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not consistent with the medical evidence, including her own statements and testimony regarding activities of daily living. (AR 23).

Plaintiff argues that the ALJ discounted her symptoms without providing a legal basis for doing so. She argues that the ALJ did not provide any link between the medical evidence and his findings. (Doc. 25 at 16). The Court does not agree. In a thorough and lengthy review of Plaintiff's symptom testimony, the ALJ cited to a number of specific medical records to support his decision. In doing so, the ALJ acknowledged that Plaintiff had impairments that would cause multiple work-related functional limitations, which he accounted for in the RFC. (*Id.* at 24). The ALJ discussed Plaintiff's neck pain, which was documented in the record. However, the ALJ noted that at a September 2016 appointment, diagnostic imaging of the head and neck were unremarkable for any abnormalities. (*Id.* at 878). Similarly, the ALJ noted that a June 2019 MRI showed no significant abnormalities

in the cervical spine. (*Id.* at 1286). As to Plaintiff's testimony that she consistently experienced pain rated at an 8 out of 10, with 10 being "the worst pain imaginable," the ALJ noted that the longitudinal examination records from Plaintiff's treating primary care physicians, rheumatologist, and pain management specialist, generally observed Plaintiff in no distress and with having 5/5 strength in all muscle groups, no weakness, atrophy, or degeneration, and normal sensation in all extremities. (*Id.* at 25; citing 1004, 1008, 1140, 1150, 1154, 1169, 1174, 1181-83, 1188, 1194, 1199, 1207-09, 1219-20). The ALJ also noted that Plaintiff was able to go over three years without seeing her rheumatologist for treatment for fibromyalgia, indicating that this condition was more controlled than alleged by Plaintiff. (*Id.* at 25, 1050). These findings are all relevant for an ALJ to consider. *See Baker v. Berryhill*, 720 F. App'x 352, 357 (9th Cir. 2017) ("[W]here, as here, there is no evidence lack of treatment was attributable to mental impairment, an ALJ may rely on lack of treatment . . ..").

Plaintiff also argues that it was improper for the ALJ to comment on the fact that her physicians did not order additional testing to confirm lumbar radiculopathy. (Doc. 25 at 17). Contrary to Plaintiff's arguments here, the ALJ can properly consider the types of treatment a claimant is or is not receiving to determine whether her symptom testimony is credible. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment.") (internal quotations and citation omitted). An ALJ is also free to consider the amount of treatment a claimant receives for an impairment in determining the nature and severity of the impairment, as well as medication and any other measures used. 20 C.F.R. §§ 404.1529(c)(3)(iv)–404.1529(c)(3)(vi). The Court finds no error here.

As to the ALJ's discussion of Plaintiff's mental health symptoms, numerous records were cited indicating that Plaintiff was stable, generally normal appearing, and was doing well while taking prescribed medications.[1] (*Id.* at 889, 891). The ALJ discussed numerous

---

[1] Plaintiff argues that being in "no distress" and "stable" in a treatment setting "does not equate to a finding that [she] was symptom free." (Doc. 31 at 7). However, the ALJ does not state that Plaintiff was "symptom free," and far from it. The ALJ discusses the many

records where treating providers found Plaintiff to have normal mood, affect, memory, thought content and processes, and normal insight and judgment. (*Id.* at 757, 759, 763, 769, 798, 860, 865, 929, 937, 949, 968, 984, 1146, 1160, 1165, 1179, 1189, 1200, 1209, 1216, 1220). The ALJ discussed medical records which indicated that Plaintiff could maintain attention and concentration and could adapt to changes in her routine. (*Id.* at 887). Moreover, the ALJ discussed Plaintiff's statements that she was capable of managing her household finances, shopping for necessities, driving a car, and caring for multiple pets. (*Id.* at 25). The ALJ concluded that these findings in the medical record and in her own testimony were not consistent with the symptoms alleged.

The ALJ concluded that the examinations in the medical record did not support Plaintiff's claims of disabling limitations, and therefore, properly found that her subjective symptom testimony was not persuasive. While Plaintiff may see this evidence in a different light, the Court cannot second-guess the findings of the ALJ when there is no error in the discussion of the symptom testimony. *See Thomas*, 278 F.3d at 954 ("[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."). The Court finds that the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony. *See Brown-Hunter*, 806 F.3d at 488–89.

**B.    The ALJ's RFC determination was based on substantial evidence.**

Plaintiff argues that the ALJ determined that she could perform sedentary work without providing any basis in the record for so determining. (Doc. 25 at 23-24). The Commissioner argues that the ALJ's discussion of evidence far exceeded what was necessary for the ALJ's RFC determination. (Doc. 30 at 11).

A claimant's RFC is defined as "the most the claimant can still do" despite the limitations caused by her physical and mental impairments. *See* 20 C.F.R § 404.1545(a)(1-

---

symptoms that Plaintiff has that are consistent with her severe impairments, ultimately limiting her to sedentary work, the most restrictive category, in his RFC determination. (AR 24).

2). The plaintiff has the burden of proof to provide the evidence necessary for the RFC determination. *Id.* The ALJ assesses a claimant's RFC "based on all the relevant evidence in [the claimant's] case record." 20 C.F.R. § 1545(a)(1). In making the RFC assessment, the ALJ should consider those limitations for which there is support in the record but need not account for limitations or impairments the ALJ properly rejects. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir. 2005). "Indeed, even impairments deemed severe do not, as a matter of course, necessarily result in RFC limitations. *See* 20 C.F.R. § 416.945(a) ("impairment(s) and any related symptoms . . . may cause physical and mental limitations that affect what you can do in a work setting.")" (*Id.*) "Residual functional capacity is an administrative finding reserved to the Commissioner." *Lynch Guzman v. Astrue*, 365 F. App'x 869, 870 (9th Cir. 2010); 20 C.F.R. § 404.1527(e)(2); *see also Vertigan v. Halter,* 260 F.3d 1044, 1049 (9th Cir. 2001) ("it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity.").

Here, the ALJ concluded that Plaintiff had the RFC to perform sedentary exertional work, the most restrictive of all work categories, with significant additional restrictions. (AR 22). As discussed above, the ALJ undertook a thorough discussion of the medical evidence in this case and Plaintiff does not take issue with the ALJ's discussion of the medical opinion evidence. Moreover, four reviewing physicians were utilized in this case: Drs. Griffith, Waldman, Keer, and Zuess. All four reviewing physicians opined that Plaintiff had fewer limitations than the ALJ ultimately found. (AR 285-91, 305-09). Plaintiff does not take issue with the ALJ's discussion of the reviewing physicians. Rather, Plaintiff argues that the ALJ simply asserted his opinion when finding that Plaintiff could perform sedentary work. (Doc. 25 at 24).

Plaintiff has not established that the ALJ committed any error here. As discussed above, the ALJ discussed numerous reasons in the record that supported the ALJ's finding as to Plaintiff's symptom testimony, which, in addition to the medical evidence, formed the basis for the ALJ's RFC determination. Plaintiff does not take issue with the ALJ's handling of the medical opinion evidence of record and the Court has already addressed

the handling of her symptom testimony. The Court finds that the ALJ's RFC determination was based on substantial evidence in the record in accordance with 20 C.F.R. § 1545(a)(1). Therefore, the ALJ did not commit harmful error in his discussion of Plaintiff's RFC.

**IV.  Conclusion**

The Court finds that substantial evidence supports the ALJ's nondisability determination. The ALJ properly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence, and did not err in the RFC determination. Therefore, the Court finds that the ALJ did not err in his decision, which is based on substantial evidence. *See Orn*, 495 F.3d at 630.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the ALJ is **affirmed**. The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 16th day of February, 2022.

Douglas L. Rayes
United States District Judge